1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AIMEE CRAWFORD,

                        Plaintiff,

        v.

RADIUS RECYCLING, INC, et al.,

                        Defendant.

CASE NO. C25-5063 BHS

ORDER

THIS MATTER is before the Court on plaintiff Aimee Crawford's motion for leave to amend her amended complaint, Dkt. 21.

Aimee Crawford alleges that her husband Ely Crawford was an Iraq and Afghanistan veteran employed by defendant Radius Recycling as a truck driver beginning in 2022. *See* proposed second amended complaint, Dkt. 22-2 at 8. As part of his work for Radius, Ely was dispatched to Joint Base Lewis-McChord (JBLM) more than 30 times, beginning in January 2023. Crawford contends that Ely's post-traumatic stress disorder (PTSD) was exacerbated by his visits to JBLM. Ely eventually quit his job at Radius on November 2, 2023. See amended complaint, Dkt. 8 at 70. Ely Crawford sued in January 2025, alleging that he was constructively discharged, and asserting

1    Washington Law Against Discrimination (WLAD), Americans with Disabilities (ADA),

2    outrage, and loss of consortium claims. Dkt. 1.

3            On March 11, 2025, Ely Crawford died by suicide. Dkt. 16. Aimee Crawford, as

4    the personal representative of Ely Crawford's estate, substituted as plaintiff. She seeks to

5    amend her complaint to add a wrongful death claim, and to add her children (who are

6    statutory beneficiaries of Ely Crawford's estate) as plaintiffs. Dkt. 21.

7            Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given

8    when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th

9    Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v.*

10   *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In

11   determining whether to grant leave under Rule 15, courts consider five factors: "bad

12   faith, undue delay, prejudice to the opposing party, futility of amendment, and whether

13   the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*,

14   655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party

15   carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

16           A proposed amendment is futile "if no set of facts can be proved under the

17   amendment to the pleadings that would constitute a valid and sufficient claim or

18   defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2

19   (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393

20   (9th Cir. 1997)).

21

22

1       Aimee Crawford's proposed second amended complaint seeks to add as a Twelfth

2 Cause of Action a "wrongful death" claim, alleging that Radius's and its employees' acts

3 and omissions "proximately caused Ely Crawford's death by suicide." Dkt. 22-1 at 157.

4       Radius opposes Crawford's attempt to add a wrongful death claim. It argues that

5 such an amendment would be futile because (1) the wrongful death claim is precluded by

6 the Washington Industrial Insurance Act and (2) Radius had no duty to prevent Ely

7 Crawford's suicide some 16 months after his employment ended.

8       The Court agrees that whatever Ely Crawford's former employer may have done

9 or not done while he worked there, it had no duty as a matter of law to prevent his suicide

10 16 months after he terminated his employment. There is no authority supporting such a

11 duty.

12       Radius contends that Washington's wrongful death statute "precludes recovery for

13 suicide." Dkt. 26 at 4. Washington's wrongful death statute authorizes certain persons to

14 pursue tort (negligence) claims based on the wrongful death of another. It does not itself

15 proscribe any conduct:

16         When the death of a person is caused by the wrongful act, neglect, or
        default of another person, his or her personal representative may maintain
17         an action against the person causing the death for the economic and
        noneconomic damages sustained by the beneficiaries listed in RCW
18         4.20.020 as a result of the decedent's death, in such amounts as determined
        by a trier of fact to be just under all the circumstances of the case.
19

20 RCW 4.20.010. Aimee Crawford is Ely's personal representative and she and her

21 children are statutory beneficiaries under chapter 4.20 RCW. The issue is instead whether

22

1    she (and they) can plausibly allege that Radius's negligence caused Ely Crawford's

2    suicide.

3        Radius correctly contends that Washington law does not impose a duty to avoid

4    acts which cause someone to commit suicide, unless those acts directly or indirectly

5    deprive that person of the command of his faculties or the control of his conduct. Dkt. 26

6    at 4 (citing *Webstad v. Stortini*, 83 Wn. App. 857, 866 (1996)). Any duty to prevent the

7    suicide of another exists only where there is a "special relationship" between the parties.

8    Whether such a relationship and such a duty exists is a question of law. Dkt. 26 at 5

9    (citing *Johnson v. Golden Eagle Express, Inc*., 134 Wn. App. 1011 (2008)).

10       Washington courts have consistently cited the Restatement (Second) of Torts §

11   315 to ascertain whether one owes a duty to control the conduct of a third person:

12       There is no duty so to control the conduct of a third person as to prevent
         him [or her] from causing physical harm to another unless

13

14           (a) a special relation[ship] exists between the actor and the
                 third person [,] which imposes a duty upon the actor to
15               control the third person's conduct, or

16           (b) a special relation[ship] exists between the actor and the
                 other[,] which gives to the other a right to protection.

17       The clearest example of such a duty is a jailor's special relationship with the

18   inmates in his care, based on the former's "complete control" over the latter. *See*

19   *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 635 (2010) (The duty owed "is a

20   positive duty arising out of the special relationship that results when a custodian has

21   complete control over a prisoner deprived of liberty.").

22

Radius argues that there is no authority supporting Crawford's claim that it owed a duty to prevent Ely's suicide; an employer's relationship with a former employee is not a special relationship giving rise to a duty to prevent suicide as a matter of law. Dkt. 26 at 5–6 (citing *Scott v. Amazon.com, Inc.*, 33 Wn. App. 2d 44, 62 (2024), *review granted*, 4 Wn.3d 1015 (2025); *Webstad*, 83 Wn. App. 857).

In *Webstad*, the deceased killed herself in front of her romantic partner, at his home, because she was upset about their relationship. The Court of Appeals held that the parties did not have the sort of special relationship required to impose a duty on the defendant to prevent the suicide. He did not create the peril; her voluntary willful choice to commit suicide created the peril and the need for assistance. The parties' relationship there was much closer in time, proximity, and intimacy, and the defendant admittedly knew that his partner had suicidal ideations caused by their relationship. Nevertheless, the Court of Appeals held that the defendant had "no duty" to anticipate (and thus prevent) the decedent's decision to attempt suicide. 83 Wn. App. at 875.

Crawford's reply relies on a variety of cases involving different relationships and factual contexts, including *Adgar v. Dinsmore*, 26 Wn. App. 2d 866, 870 (2023), which involved injuries the plaintiff sustained in a collision with a truck stolen and driven by an obviously intoxicated third person one minute after the defendant left it open and operational. Among other differences, the case involved an extremely short timeline, not a span of almost a year and a half. The Court recognized a "very narrow duty not to leave one's vehicle running with the door open, on a roadway, while leaving the vehicle unguarded out of sight, where an unknown individual is nearby and it is foreseeable the

1    person might steal the vehicle." *Adgar*, 26 Wn. App. 2d at 866. This limited, specific

2    holding cannot be extrapolated to impose a similar duty on an employer to indefinitely

3    prevent the suicide of its former employee.

4         The remainder of Crawford's reply focuses on proximate causation, emphasizing

5    correctly that it is a question of fact, and arguing that her experts will testify that Radius's

6    conduct caused Ely's suicide. Dkt. 30 at 5–6. But Radius's opposition is properly based

7    on the duty element of Crawford's negligence claim. It argues, correctly, that there is no

8    authority supporting Crawford's claim that it had a duty to prevent Ely's suicide 16

9    months after he left Radius's employ. The negligence claim supporting her wrongful

10   death claim is not plausible.

11        Crawford's attempt to amend her complaint to assert a wrongful death claim

12   would be futile as a matter of law, even under Rule 15's liberal standard. She cannot

13   plausibly allege that Radius owed a duty to prevent Ely Crawford's suicide 16 months

14   after he resigned from his job at Radius. Crawford's motion to amend is to this extent

15   **DENIED**.

16        Her motion to add Ely's children as plaintiffs on her existing claims, and to

17   remove her punitive damages claim, and to make grammatical changes is **GRANTED**.

18   She should file amended complaint consistent with this Order by October 6, 2025.

19        **IT IS SO ORDERED**.

20   //

21   //

22   //

Dated this 25th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge